**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

SEP 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NUTRIVITA LABORATORIES, INC., a California corporation,<br><br>  Plaintiff-Appellee,<br><br>  v.<br><br>VBS DISTRIBUTION, INC., a California corporation and JOSEPH C. NGUYEN, an individual,<br><br>  Defendants-Appellants. | No.   16-55329<br><br>D.C. No.<br>8:13-cv-01635-CJC-DFM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted August 29, 2017[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  W. FLETCHER and IKUTA, Circuit Judges, and FREUDENTHAL,*** Chief District Judge.

VBS Distribution, Inc. and Joseph Nguyen (collectively, VBS) appeal the district court's order denying VBS's motion for attorneys' fees.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in concluding that this case did not stand out as an exceptional case warranting an award of attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a).  *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (en banc) (per curiam) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)).[1]  The district court properly considered the nonexclusive factors identified in *Octane Fitness*, 134 S. Ct. at 1756 & n.6.  It did not abuse its discretion in concluding that Nutrivita's trade dress claim was not frivolous or objectively unreasonable given VBS's statement that it would continue selling JN-7 Best

***      The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

[1] The district court denied VBS's motion for attorneys' fees before our en banc decision in *SunEarth, Inc.*, 839 F.3d at 1181, in which we held that the Supreme Court's decision regarding the meaning of an "exceptional case" under the Patent Act in *Octane Fitness*, 134 S. Ct. 1749, applies to the fee shifting provision of the Lanham Act as well.  However, the district court held that if *Octane Fitness*'s rule applied, "it would determine that this case does not 'stand out'" as an exceptional case warranting the award of attorneys' fees.

2

bottles, which used labels that allegedly infringed Nutrivita's Arthro-7 product. Nor did the district court clearly err in determining that VBS's JN-7 Best trademark was similar enough to Nutrivita's Arthro-7 trademark to raise debatable issues, or that Nutrivita's willingness to grant continuances and ultimately to drop its claims weighed against a finding of bad faith. *Id.*[2]

The district court did not abuse its discretion in concluding that the factors set forth in *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996), weighed against awarding attorneys' fees under the Copyright Act, 17 U.S.C. § 505. The district court properly considered all of the factors identified in *Maljack*. It did not clearly err in determining that the degree of success, motivation, and deterrence and compensation factors weighed against awarding attorneys' fees, given that Nutrivita withdrew its claims only in response to VBS's agreement to change its JN-7 Best labeling and advertising, there was no evidence in the record to support a finding of bad faith, and Nutrivita's complaint as a whole was meritorious and led VBS to change its product packaging and

---

[2] VBS failed to raise its argument that Nutrivita lacked standing to sue in its motion for attorneys' fees or its memorandum of law in support of its motion before the district court. VBS also failed to raise its argument that it is entitled to attorneys' fees based on Nutrivita's trademark dilution claim. Therefore, these arguments are waived. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

3

advertising. *Id.* We reject VBS's argument that the district court abused its discretion by not awarding attorneys' fees because Nutrivita failed to register its copyright. It is an open question whether Nutrivita could have remedied the failure to register its copyright by applying for registration after filing suit. *Cf. Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 619–21 (9th Cir. 2010).

**AFFIRMED.**