**John James SHERMAN,**
**Plaintiff/Appellant,**

v.

**Bruce BABBITT, et. al.,**
**Defendants/Appellees.**

**No. 84–2167.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 1985 *.

Decided Oct. 3, 1985.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

John James Sherman, Tucson, Ariz., for plaintiff/appellant.

John H. Ryley, Phoenix, Ariz., and Michael J. Alfred, Tucson, Ariz., for defendants/appellees.

Before TANG, POOLE and BEEZER, Circuit Judges.

POOLE, Circuit Judge:

John Sherman appeals from a district court order dismissing his constitutional claims under 42 U.S.C. § 1983 and his pendent state claims under the Arizona constitution. We affirm.

Arizona's new mandatory financial responsibility law requires a driver to produce proof of financial responsibility when stopped for cause by a police officer. Ariz. Rev.Stat.Ann. § 28–1253 (West Supp.1984–

85). The penalty for failure to comply is a minimum fine of $250 and suspension of the driver's license and vehicle registration for 90 days. *Id.* at § 28–1253.

On June 25, 1983, Sherman was cited for speeding. When asked to produce proof of financial responsibility, Sherman refused, claiming the law violated his Fourth and Fifth Amendment rights. After a trial before Justice of the Peace West, Sherman was convicted of failure to show proof of financial responsibility and his license and vehicle registration were suspended for ninety days. Sherman appealed, and the charges were dismissed because the government was unprepared to proceed. Sherman's license and registration were reinstated after a fifty-two day suspension.

Sherman then brought an action based on 42 U.S.C. § 1983 against Governor Babbitt and several state and county officials, including Justice of the Peace West. The district court dismissed the claims against West on the basis of judicial immunity, then dismissed Sherman's amended complaint for failure to state a claim under section 1983. The court also dismissed the pendent state constitutional claims.

On appeal, Sherman argues the district court erred because (1) Justice of the Peace West acted improperly by refusing to hear Sherman's constitutional claims, and thereby lost his cloak of immunity; and (2) enforcement of the statute violates the Fourth and Fifth Amendments; therefore, he has stated a valid claim under section 1983. The county-appellees have requested attorney's fees on appeal pursuant to 42 U.S.C. § 1988.

 The district court properly dismissed Sherman's claims against Justice of the Peace West. Judges are immune from civil liability in section 1983 actions for acts performed in their judicial capacities. *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Pierson v. Ray*, 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967); *Aldabe v. Aldabe*, 616 F.2d 1089, 1091 (9th Cir.1980) (per curiam). A judge is not deprived of this immunity because his actions are in

error. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *see Aldabe,* 616 F.2d at 1091. Justice West was acting in his judicial capacity; therefore, he was entitled to judicial immunity.

 The district court did not err in dismissing Sherman's section 1983 claims because Sherman failed to establish a constitutional violation. The officer asked Sherman to produce proof of financial responsibility, Sherman refused, and the investigation did not proceed. Sherman was not searched and his property was not seized, hence, the Fourth Amendment was not implicated at all. Even if the demand for proof of financial responsibility rose to the level of a seizure, the seizure was reasonable under the Fourth Amendment because the state has an interest in protecting the public from hardship caused by financially irresponsible drivers. *See Perez v. Campbell,* 402 U.S. 637, 644, 91 S.Ct. 1704, 1708–09, 29 L.Ed.2d 233 (1971).

Enforcement of the statute did not implicate Sherman's Fifth Amendment privilege against self-incrimination for several reasons. The act of handing over an insurance certificate is not testimonial. *See Fisher v. United States,* 425 U.S. 391, 409, 96 S.Ct. 1569, 1580, 48 L.Ed.2d 39 (1976); *see also South Dakota v. Neville,* 459 U.S. 553, 559, 103 S.Ct. 916, 920–21, 74 L.Ed.2d 748 (1983). The statute does not *compel* Sherman to produce an insurance certificate but gives him the choice to comply or to refuse and face the attendant penalties. *See Neville,* 459 U.S. at 562–64, 103 S.Ct. at 922–23. Finally, compliance with the law is one of the regulatory burdens that an organized society imposes on its members, *California v. Byers,* 402 U.S. 424, 427–28, 91 S.Ct. 1535, 1537–38, 29 L.Ed.2d 9 (1971), and does not involve the substantial hazards of incrimination the Fifth Amendment was designed to prevent. *Id.* Since dismissal of Sherman's federal claims was proper, the district court did not abuse its discretion in dismissing Sherman's pendent state claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

A court has discretion to award attorney's fees to the prevailing defendant in a civil rights suit if the action is groundless or without foundation. *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam); *Dooley v. Reiss,* 736 F.2d 1392, 1396 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984); *See* 42 U.S.C. § 1988. The county-appellees have requested attorney's fees on appeal. Because this appeal presents issues not previously resolved by this circuit, we decline to award fees in this case. *Dooley,* 736 F.2d at 1396.

AFFIRMED.