981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brant R. HONKANEN, Plaintiff-Appellant,
v.
Mike DOYLE, et al., Defendants-Appellees.
 No. 91-16100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1992.*
Decided Dec. 22, 1992.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brant Honkanen appeals pro se the district court's order granting summary judgment in favor of all defendants in this action under 42 U.S.C. § 1983. The case arises out of the placement of Honkanen's son Brian in protective custody after he complained he had been beaten by his father, Honkanen's subsequent arrest and conviction for willful child abuse, and a later arrest of Honkanen for various traffic violations. Honkanen brought this § 1983 action against various officials of the State of Nevada for alleged civil rights violations associated with these events. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's grant of summary judgment.
 
 
 3
 * Honkanen's claims against Inge Roberts and Mike Doyle relate to the placement of Brian Honkanen in protective custody.[1] State officials have qualified immunity from money damages under § 1983 "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because Honkanen presents no evidence that the actions of Roberts and Doyle violated rights of which a reasonable official in their position would have been aware, we affirm the district court's grant of summary judgment in their favor.
 
 II
 
 4
 Honkanen's claims against Howard Matts, Stan Lamb, and R.C. Planeta involve actions taken in the course of police law enforcement activities. Law enforcement officers also have qualified immunity for their official actions. See Anderson v. Creighton, 483 U.S. 635, 644 (1987) (search and seizure); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1443 (9th Cir.1991) (arrest) (citing Anderson ). Honkanen presents no evidence that Matts' seizure of Honkanen's bamboo stick or Lamb and Planeta's arrest of Honkanen were not done in accord with reasonable officers' understanding of the law. Therefore, we affirm the district court's grant of summary judgment in favor of Matts, Lamb, and Planeta.
 
 III
 
 5
 Honkanen's claims against Doug Struthers involve actions in Judge Struthers' judicial capacity. Struthers has absolute judicial immunity for these actions. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Sherman v. Babbitt, 772 F.2d 1476, 1477 (9th Cir.1985). Therefore, we affirm the grant of summary judgment in favor of Struthers.
 
 IV
 
 6
 Honkanen's claims against Jerry Maple and Jim EnEarl involve actions taken while Honkanen was confined in Douglas County Jail. Maple and EnEarl have qualified immunity for their actions as police officers, see sec. II, supra, and prison officials, see Vaughan v. Ricketts, 859 F.2d 736, 739 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989). Because Honkanen presents no evidence that Maples or EnEarl did not act in accord with a reasonable understanding of the law, we affirm summary judgment in their favor.
 
 V
 
 7
 Because the district court properly granted summary judgment in favor of all defendants, we also affirm the district court's grant of summary judgment on Honkanen's ninth and tenth claims, seeking compensatory and punitive damages.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Honkanen's first claim for relief alleges that Roberts also participated in an improper search of Honkanen's house and seizure of his property. Honkanen offers no evidence to support this contention. Furthermore, any such actions are within Roberts' qualified immunity, see infra