15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carla JOHNSON, Carla Johnson on Behalf of minor child,
Antoan Johnson, Plaintiffs-Appellants,
v.
HESPERIA UNIFIED SCHOOL DISTRICT, a public corporation, et
al. Defendant-Appellee.
 Nos. 92-55841, 92-56236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1993.
Decided Feb. 2, 1994.
 
 Before: HUG, SCHROEDER, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carla Johnson and her minor son, Antoan, appeal the district court's grant of judgment on the pleadings in favor of Hesperia Unified School District and the denial of their request for leave to amend their complaint. The Johnsons also appeal the court's grant of attorney's fees to Hesperia. We affirm both the judgment on the pleadings and the denial of leave to amend, but we reverse the award of attorney's fees to Hesperia.
 
 I.
 
 3
 The Johnsons allege that David Houser, a substitute teacher in the Hesperia Unified School District, intentionally assaulted and battered Antoan. The alleged incident occurred on May 17, 1991. The Johnsons contend that Houser grabbed Antoan, pushed him into chairs, and threw him over a table. The Johnsons claim violations of Antoan's Fourth, Eighth, and Fourteenth Amendment rights, as well as violations of 42 U.S.C. Secs. 1983 and 1985.
 
 
 4
 Houser was not timely served and, thus, Hesperia is the sole defendant. Hesperia moved for judgment based on the pleadings pursuant to Federal Rules of Civil Procedure 12(c). The district court granted Hesperia's motion, finding that the Johnsons failed to allege a federal claim for relief. The Johnsons requested leave to amend their complaint, but the court denied the request. The court awarded Hesperia attorney's fees pursuant to 42 U.S.C. Sec. 1988 as a prevailing defendant. This appeal ensued.
 
 II.
 
 5
 The Johnsons contend that the district court erred when it granted Hesperia's motion for judgment as a matter of law based on the pleadings as to their Fourth Amendment claim. We do not agree.
 
 
 6
 "A judgment on the pleadings is a decision on the merits and we review it de novo." General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir.1989), cert. denied, 493 U.S. 1079 (1990). A motion for judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.1990). "All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." General Conference, 887 F.2d at 230.
 
 
 7
 The Johnsons only appeal the portion of the motion that affects their Fourth Amendment claim. They argue that Ingraham v. Wright, 430 U.S. 651 (1977), supports their proposition that intentional assault and battery implicate a student's liberty interest under the Fourth Amendment to be free from bodily restraint and punishment. This argument lacks merit.
 
 
 8
 The Supreme Court in Ingraham made it quite clear that it would not apply the Fourth Amendment to corporal punishment in public school, stating that the Fourth Amendment's " 'overriding function ... is to protect personal privacy and dignity against unwanted intrusion by the State' ... [b]ut the principal concern of the Amendment's prohibition ... is with intrusions on privacy in the course of criminal investigations." Id. at 673 n. 42 (quoting Schmerber v. California, 384 U.S. 757, 767 (1966) (emphasis added)). See also Fee v. Herndon, 900 F.2d 804, 810 (5th Cir.) ("paddling of recalcitrant students does not constitute a fourth amendment search or seizure"), cert. denied, 498 U.S. 908 (1990); Thrasher v. General Casualty Co. of Wisconsin, 732 F.Supp. 966, 971 (W.D.Wis.1990) ("[T]he Fourth Amendment has never been used to find a constitutional violation of a student's rights when the student was allegedly exposed to an overuse of physical force."). Even if the Fourth Amendment were to apply to corporal punishment in some circumstances, the only person who could have violated the Fourth Amendment in this case was the teacher who inflicted the punishment, and he is not a party to the litigation. The district court therefore did not err in granting Hesperia's motion for judgment on the pleadings.
 
 III.
 
 9
 In their opposition to Hesperia's motion for judgment on the pleadings, the Johnsons requested leave to amend their complaint. The magistrate judge denied the request and the district court affirmed. The Johnsons contend that the district court erred in denying them leave to amend.
 
 
 10
 We review a district court's denial of a request for leave to amend for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). "In exercising this discretion, a court must be guided by the underlying purpose of [Federal] Rule [of Civil Procedure] 15--to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981), quoted in Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir.1991).
 
 
 11
 The magistrate judge stated that amendment here would be futile because none of the claims asserted by the Johnsons provided a basis for relief regardless of any additional facts the Johnsons may allege. The magistrate judge further found that the Johnsons did not adequately set forth their reasons supporting amendment.
 
 
 12
 The Johnsons are attempting to add a new basis for their claims for relief. They allege that the school district failed to adequately train its teachers and failed to inform its teachers about its policy regarding corporal punishment.
 
 
 13
 We conclude that the court did not abuse its discretion in denying the Johnsons leave to amend their complaint. The Johnsons did not submit a proposed amendment to the district court; thus, the intended amendment could only be determined from oral statements to the court. The Johnsons' written complaint contended that Houser had acted in contravention of school policy. In the oral discussion of what the amendment was expected to contain, the Johnsons indicated only that Mr. Houser had directly violated school policy. At the district court level, they never suggested that liability might result because the school had an "actual policy" of permitting unjustified corporal punishment or had otherwise failed to adequately train its teachers. The school district could be liable under 42 U.S.C. Sec. 1983 only if it itself caused the alleged constitutional violation. "Respondeat superior or vicarious liability will not attach under Sec. 1983." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). The plaintiffs never asserted such a claim and the record contains no basis for an assertion of failure to train amounting to deliberate indifference within the narrow City of Canton exception.
 
 IV.
 
 14
 The district court granted Hesperia attorney's fees pursuant to 42 U.S.C. Sec. 1988 as a prevailing defendant. The Johnsons argue that the district court erred in granting the fees because the Johnsons' claims were not frivolous, unreasonable, or without foundation. We agree.
 
 
 15
 We review attorney's fees awards for an abuse of discretion. Maag v. Wessler, 993 F.2d 718, 719 (9th Cir.1993). "However, this discretion has been narrowly construed and is circumscribed by the decisions of the Supreme Court and this circuit." Patton v. County of Kings, 857 F.2d 1379, 1380 (9th Cir.1988).
 
 
 16
 In an action to enforce a provision of 42 U.S.C. Sec. 1983, the court may allow, in its discretion, the prevailing party to recover reasonable attorney's fees. See 42 U.S.C. Sec. 1988; Sherman v. Babbitt, 772 F.2d 1476, 1478 (9th Cir.1985). Section 1988 attempts to encourage meritorious civil rights litigation by rewarding prevailing plaintiffs with attorney's fees in all but special circumstances. Bittner v. Sadoff & Rudoy Indus., 728 F.2d 820, 829 (7th Cir.1984).
 
 
 17
 However, distinctions are made between successful plaintiffs and successful defendants. Prevailing defendants are not normally entitled to fee awards. Brooks v. Cook, 938 F.2d 1048, 1054 (9th Cir.1991) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978)). "The mere fact that a defendant prevails does not automatically support an award of fees." Patton, 857 F.2d at 1381. Successful defendants in civil rights cases are only allowed to recover attorney's fees "if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " Hughes v. Rowe, 449 U.S. 5, 14 (1980) (quoting Christiansburg, 434 U.S. at 421). The standard to award fees to a prevailing defendant is a strict one, and fees should only be granted in exceptional circumstances. See Hughes, 449 U.S. at 14-15; Barry v. Fowler, 902 F.2d 770, 773 (9th Cir.1990) (attorney's fee award reversed even though defendant prevailed on directed verdict); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 202 (9th Cir.) (attorney's fees denied to prevailing defendants who were granted motion for summary judgment), cert. denied, 490 U.S. 1081 (1989).
 
 
 18
 The appellants' complaint did allege facts that indicate a violation by the teacher of California's statutory prohibition against the use of corporal punishment in the schools. Although the complaint and the proposed amendment do not state a federal constitutional violation, the action was not frivolous or without some foundation. This was not a sufficiently exceptional circumstance to justify a fees award to the defendant.
 
 V.
 
 19
 We deny Hesperia's request for sanctions and fees on appeal under Federal Rule of Appellate Procedure 38. Each side shall pay its own fees and costs on appeal.
 
 
 20
 AFFIRMED in part and REVERSED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3