50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy MEANS, Plaintiff-Appellant,
v.
Anthony BRANDENBERG, Defendant-Appellee.
 No. 93-56328.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 17, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Roy Means appeals pro se the district court's dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of his action for money damages against San Diego Municipal Court Commissioner Anthony Brandenburg, alleging his civil rights were violated by a judgment decided against Means. The district court found that Means' first amended complaint failed to state a claim on which relief could be granted because, inter alia, the Commissioner was protected by the doctrine of judicial immunity. We affirm.
 
 
 4
 Means' complaint against Commissioner Brandenburg arises out of a hearing the Commissioner conducted in a small claims case. Appellant argues that "California Commissioners are not judges" and thus are not entitled to judicial immunity. We reject this claim. This circuit's law makes clear that judicial immunity extends to municipal court commissioners. O'Neil v. City of Lake Oswego, 642 F.2d 367, 368 n. 2 (9th Cir.1981) (pro tem municipal court judge); cf. Sherman v. Babbitt, 772 F.2d 1476 (9th Cir.1985) (justice of the peace).[1]
 
 
 5
 Neither of the exceptions to the doctrine of judicial immunity apply in this case. See Stump v. Sparkman, 435 U.S. 349, 356-61 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Commissioner Brandenberg neither acted in "clear absence of jurisdiction" nor engaged in "non-judicial acts" when, in disposing of Means' claims, he 1) advised the defendants to file a malicious prosecution claim against Means and 2) ruled against Means on res judicata grounds. Certainly a judge is free to comment on the record that the case before him or her appears frivolous or without basis. By "advising" the Schoenbergs to file a malicious prosecution suit against Means, Commissioner Brandenburg did just that.
 
 
 6
 We reject Means' claim that the Commissioner's bias against Means infused the entire proceeding as intent plays no role in the immunity analysis. Ashelman, 973 F.2d at 1078; Sparkman, 435 U.S. at 356 ("A judge will not be deprived of immunity because the action he took ... was done maliciously....").
 
 
 7
 The district court properly dismissed with prejudice any potential state law claims that may have been raised by Means' complaint. California courts have held that judicial immunity extends to court commissioners in the exercise of judicial functions, even if their acts are in excess of jurisdiction or are alleged to have been malicious or corrupt. Taliaferro v. Contra Costa County, 182 Cal.App.2d 587, 592 (Cal.App. 1 Dist., 1960); Tagliavia v. Los Angeles County, 112 Cal.App.3d 759, 763 (Cal.App. 2 Dist., 1980).
 
 
 8
 Judicial immunity "serves to protect judges not only against monetary damages, but further from vexatious litigation, which can be equally chilling of judicial independence regardless of its outcome." O'Neil, 642 F.2d at 370. Such immunity insulates Commissioner Brandenburg from the instant suit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Furthermore, as appellant concedes, California state law treats court commissioners as judges. See Cal.Rules of Court, Div. II, Code of Judicial Conduct, Canon 6 ("Anyone who is an officer of the state judicial system and who performs judicial functions, including, but not limited to, an officer such as a ... court commissioner ... is a judge within the meaning of this Code.")