**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KETAB CORP., a California Corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MESRIANI AND ASSOCIATES, P.C., AKA Mesriani Law Group, P.C., a California Corporation, a California Corporation; MELLI YELLOW PAGES, INC.; STUDIO CINEGRAPHIC LOS ANGELES, INC., DBA IRTV; SEYED ALI LIMONADI, AKA Ali Limonadi; RODNEY MESRIANI, AKA Mesriani Law Group,<br><br>Defendants-Appellees. | No. 15-56753<br><br>D.C. No.<br>2:14-cv-07241-RSWL-MRW<br><br>MEMORANDUM* |
| KETAB CORP., a California Corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MESRIANI AND ASSOCIATES, P.C., AKA Mesriani Law Group, P.C., a California Corporation, a California Corporation; MELLI YELLOW PAGES, INC.; STUDIO CINEGRAPHIC LOS | No. 16-55958<br>    16-56354<br><br>D.C. No.<br>2:14-cv-07241-RSWL-MRW |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ANGELES, INC., DBA IRTV; SEYED ALI
LIMONADI, AKA Ali Limonadi;
RODNEY MESRIANI, AKA Mesriani Law
Group; DOES, 1 through 10, inclusive,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted April 11, 2018
Pasadena, California

Before: BEA and MURGUIA, Circuit Judges, and MOLLOY,[**] District Judge.

This case is a consolidated appeal arising from Plaintiff-Appellant Ketab

Corp.'s ("Ketab") claims against Defendants-Appellees Mesriani & Associates,

P.C. aka, Mesriani Law Group, and Rodney Mesriani (collectively "Mesriani

Defendants"), and Defendants-Appellees Seyed Ali Limonadi, Studio Cinegraphic

Los Angeles dba IRTV, and Melli Yellow Pages Inc. (collectively "Melli

Defendants"). We affirm the district court's dismissal of Ketab's claims against the

Mesriani Defendants and the court's grant of attorneys' fees in favor of the

Mesriani Defendants. We also affirm the district court's grant of the Melli

Defendants' motion for judgment on the pleadings, motions in limine, and motion

---

[**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

for judgment as a matter of law. We affirm the district court's grant of attorneys' fees in favor of the Melli Defendants under 15 U.S.C. § 1117(A), but remand for the district court to delineate what portion of the fees awarded against Ketab's counsel personally are "excess" pursuant to 28 U.S.C. § 1927.

We first address Ketab's claims against the Mesriani Defendants.

1)      Ketab contends that the district court erred in granting the Mesriani Defendants' motions to dismiss the following claims: federal trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114 (claim 1); federal unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) (claim 4); federal trademark dilution in violation of 15 U.S.C. § 1125(c) (claim 5); California common law trademark infringement (claim 6); California unfair competition (claim 7); California intentional interference with economic relations (claim 9); and California negligent interference with economic relations (claim 10).

Ketab states that it uses the following "marks" that the Defendants infringed upon: "Markaze Etelaate Iranian"[1] and its English translation "Iranian Information

---

[1] Ketab has used different spellings of this alleged mark. In its Second Amended Complaint, the Farsi translation is referred to as "Markaze Ettelaat." In its opening brief, Ketab uses "Markaze Ettleaate Iranian," but also "Markaze Etelaate." It appears the district court also used a different version of the term, using "Markaze Ettelaat-e Iranian." Although different versions of the phrase are used, Ketab and the district court refer to the phrase as the Farsi translation of "Iranian Information Center." This disposition refers to the alleged mark as "Markaze Etelaate Iranian."

Center;" "Yellow Page-e-Iranian;" and "08" and combinations of the "08" mark, including its phone number "818-0-08-08-08." Ketab contends that the Mesriani Defendants infringed upon and unlawfully used all of Ketab's alleged marks.

          a.  Infringement, counterfeiting, and unfair competition (claims 1, 4, 6, and 7)

Ketab's federal and state trademark infringement and unfair competition claims (claims 1, 4, 6, and 7) are considered together.[2] If a term or mark is "generic" it cannot be subject to trademark protection under any circumstances. *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1147 (9th Cir. 1999). "In cases involving properly registered marks, a presumption of validity places the burden of proving genericness upon the defendant." *Id*. at 1146; (citing 15 U.S.C. § 1057(b) ("A certificate of registration of a mark . . . shall be prima facie evidence of the validity of the registered mark . . . .")). "If a supposedly valid mark is not federally registered, however, the plaintiff has the burden of proving nongenericness once the defendant asserts genericness as a defense." *Id*. Here, only Ketab's "08" mark is registered and presumptively valid.

---

[2] Ketab alleges that its federal counterfeiting claim should be analyzed separately from its infringement claim. Although damage awards for a counterfeit mark versus a generally infringing mark may differ, a counterfeiting claim is a type of infringement claim in which the spurious mark is "identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127; *see Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945 (9th Cir. 2011). We consider Ketab's theory of counterfeiting within the infringement analysis.

If the alleged marks are entitled to protection, "[t]he 'ultimate test' for unfair competition is exactly the same as for trademark infringement: 'whether the public is likely to be deceived or confused by the similarity of the marks.'" *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) (quoting *New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979)). Similarly, under California law, the "'crucial' issue is whether the defendant's use of the plaintiff's service mark or trade name creates a 'likelihood of confusion' for the public." *Id.* (internal citation omitted). "We have developed eight factors, the so-called *Sleekcraft* factors, to guide the determination of a likelihood of confusion." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979) *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003)). Those factors include:

> (1) the similarity of the marks; (2) the relatedness of the two companies' services; (3) the marketing channel used; (4) the strength of [Ketab's] mark; (5) [the Mesriani Defendants'] intent in selecting its mark; (6) evidence of actual confusion; (7) the likelihood of expansion into other markets; and (8) the degree of care likely to be exercised by purchasers.

*Id.*

Here, the district court found that the Mesriani Defendants' legal services and Ketab's information directory services were "totally unrelated" and therefore confusion was unlikely as a matter of law, citing *Murray v. Cable Nat'l Broad.*

5

*Co.*, 86 F.3d 858, 860 (9th Cir.), *as amended* (Aug. 6, 1996). This was not the only deficiency in Ketab's original complaint. Ketab also failed to allege with specificity which of its particular alleged marks the Mesriani Defendants infringed upon and how. Because of these generic allegations regarding Ketab's alleged marks, the district court could have properly found that Ketab failed to state a claim to relief that was plausible on its face, and dismissed the claims on that basis. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

On appeal, Ketab argues it could have cured any deficiencies in its complaint. Specifically, it alleges that both its information directory services and the Mesriani Defendants' legal services include legal directory services, creating an overlap in their services.

Ketab may have been able to amend its pleadings sufficiently, and leave to amend is usually freely given unless it is clear that the complaint could not be saved by amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). However, it would be futile now to grant Ketab leave to amend these claims. Ketab presented its infringement and unfair competition claims at a bench trial against the Melli Defendants. Although the trial was against the Melli Defendants, not the Mesriani Defendants, the legal inquiry as to likelihood of confusion is the same, and the district court properly found that Ketab's claims failed after hearing Ketab's evidence.

6

Ketab failed to show that its alleged marks, other than its "08" mark, met even the initial hurdle for a trademark claim because the court found that the marks were generic and therefore not entitled to protection, citing *Filipino Yellow Pages*, 198 F.3d at 1146. We agree with the district court's determination that Ketab's alleged marks are akin to the mark we held was generic in *Filipino Yellow Pages*. *Filipino Yellow Pages*, 198 F.3d at 1147–51. The mark in that case was "Filipino Yellow Pages." *Id*. That term, like the alleged marks here, includes a generic term that indicates the origin of a group of people. *See id*. at 1147–48. Also like the alleged marks here, the alleged mark included a generic term for the services provided, Yellow Pages. *See id*. In addition, although combined generic terms do not categorically make the term generic, here, the combined terms, such as "Yellow Page-e-Iranian," are only a "common descriptive" that describes the name of the service itself. *See id*. In short, Ketab does not overcome the initial hurdle of showing its non-registered marks are protected under trademark law. *Id*. at 1146. Accordingly, because Ketab could not have cured the deficiencies in its original complaint as to its non-registered marks it would be futile to now allow Ketab leave to amend.[3]

---

[3] Ketab provides no persuasive authority to support its position that a term that includes mixed languages to the degree here, an English phrase with a Farsi "e" to indicative the possessive, is sufficient to make the phrase protectable under trademark law.

Ketab's "08" mark is registered and entitled to protection under trademark law. *See id*. at 1146. Ketab argues that the numbers "08" connote directory services to the Iranian community, similar to how "411" is used in the United States. At the bench trial with the Melli Defendants, Ketab failed to provide any evidence to show how the "08" mark caused a likelihood of confusion as required to support infringement and unfair competition claims. Given that Ketab failed to provide any evidence that would support a finding of confusion under the *Sleekcraft* factors, it would also be futile to now allow Ketab leave to amend claims 1, 4, 6, and 7 for the "08" mark.

Accordingly, we affirm the district court's dismissal of Ketab's federal and state infringement and unfair competition claims against the Mesriani Defendants.

### b. Federal trademark dilution (claim 5)

Ketab brought a claim for federal trademark dilution, alleging that the Mesriani Defendants' use of marks that are identical or substantially indistinguishable has created confusion in the public and impaired Ketab's marks' distinctiveness. To prove a trademark dilution claim, Ketab must prove that its marks are famous. 15 U.S.C. § 1125(c); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (en banc). "[A] mark is famous if it is widely recognized by the general consuming public of

the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Federal dilution causes of actions are "reserved for a select class of marks—those marks with such powerful consumer associations that even non-competing uses can impinge on their value." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999) (citation omitted). To be famous, "a mark must be truly prominent and renowned." *Id.* (internal alteration, quotations, and citation omitted).

The district court gave Ketab two chances to amend its dilution claim, but Ketab failed to allege its marks were "widely recognized," because its marks and services were geared toward the "Iranian community in Southern California." That there may be some use of Ketab's services across the United States and abroad, is not sufficient to show Ketab's marks were "widely recognized by the *general* consuming public." *See* 15 U.S.C. § 1125(c)(2)(A)(emphasis added). Ketab failed to allege sufficient facts to show its marks were famous.

Accordingly, we affirm the district court's dismissal of Ketab's dilution claim.

> c. Intentional interference with economic relations (claim 9) and negligent interference with economic relations (claim 10)

Ketab alleged claims of intentional and negligent interference with economic relations under California law (claims 9 and 10). Ketab's theory is that the

Mesriani Defendants knew of the 1997 Settlement Order between Ketab and the Melli Defendants and that both groups of Defendants interfered with Ketab's economic relations when the Defendants induced each other to breach the 1997 Settlement Order when the Mesriani Defendants used Ketab's alleged marks.

"The tort of intentional or negligent interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." *Stolz v. Wong Commc'ns Ltd. P'ship*, 25 Cal. App. 4th 1811, 1824–25 (1994) (internal quotations omitted) (citing *Settimo Assocs. v. Environ Sys., Inc.*, 14 Cal. App. 4th 842, 845 (1993)).

For a cause of action for intentional interference, there must be a contractual relationship or prospective business relationship advantageous to the plaintiff. *Id.* at 1825. Ketab claimed that the 1997 Settlement Order was a contract, but never sufficiently alleged how the 1997 Settlement Order was a contract that demonstrated the parties' agreement. On appeal, Ketab fails to provide legal authority to support the existence of a contract. Ketab's allegations regarding the existence of a contract are, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and "do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. Ketab does not pursue a theory of a prospective business relationship against the Mesriani Defendants and that argument is waived.

10

*See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988) (per curiam).

The tort of negligent interference with an economic relationship arises only when the defendant owes the plaintiff a duty of care. *See Stolz*, 25 Cal. App. 4th at 1825. Ketab alleged that the Mesriani Defendants had a duty of care because they knew that they competed with Ketab in a "small, closely knit community of Iranian community in the U.S., most of whom shared a common experience." This is not a basis for a duty of care to establish negligence and Ketab provides no legal authority suggesting otherwise. *See Stolz*, 25 Cal. App. 4th at 1825 (holding no duty of care could exist because plaintiff and defendants were competitors).

The district court gave Ketab two attempts to cure the deficiencies in its complaint as to its intentional and negligent interference with economic relations claims under California law and Ketab failed to cure the deficiencies. Accordingly, we affirm the district court's dismissal of those claims with prejudice.

2)      Ketab contends that the district court abused its discretion in denying Ketab's motion for reconsideration as to its counterfeiting, trademark infringement, unfair competition, and false designation of origin claims. We review the district court's denial of a motion for reconsideration for an abuse of discretion. *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003).

Motions for reconsideration are not granted "absent highly unusual

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*. at 945 (internal citations and quotations omitted); *see* Fed. R. Civ. P. 59(e). In accordance with the federal rules, in this case Ketab could file a motion for reconsideration based only on the limited purposes outlined in Central District of California Local Rule 7-3.

Ketab's motion for reconsideration was not based on those limited purposes. Ketab states the court "applied its flawed analysis" to its claims, but does not explain why or how the analysis was flawed such that it constituted a "clear error." As to Ketab's counterfeiting claim, the district court did not err in considering the counterfeiting claim with Ketab's general infringement claim. Ketab also cited to "new evidence" about the overlapping services between the Mesriani Defendants and Ketab, but the district court properly found that the "new evidence" could have been raised in the first instance, and therefore was not a proper basis for a motion for reconsideration. *See Carroll*, 342 F.3d at 945. Finally, Ketab contends that the district court abused its discretion in granting leave to amend. Not granting leave to amend is not a basis for granting a motion for reconsideration.

In sum, the district court did not abuse its discretion in denying Ketab's motion for reconsideration and we affirm the district court's denial.

3)  In its final claim as to the Mesriani Defendants, Ketab contends that

12

its case was not "exceptional" within the meaning of 15 U.S.C. § 1117(A) of the Lanham Act and does not warrant attorneys' fees.

"[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional." *SunEarth, Inc. v. Sun Earth Solar Power Co. Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc).[4] District courts may exercise equitable discretion and consider nonexclusive factors including, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. (quoting *Octane Fitness, LLC*, 134 S. Ct. at 1756 n.6). We review a district court's fee decision for abuse of discretion. *Id*.

Here, the district court applied the totality of the circumstances standard and considered factors that align with those set forth in *SunEarth*. The court focused on the frivolousness and objective unreasonableness of the case, both of which are identified as relevant factors in *Octane* and *SunEarth*. *See id*. (quoting *Octane*, 134 S. Ct. at 1756 n.6). Also, as the district court noted, Ketab failed to comply with

---

[4] After the district court's ruling on attorneys' fees, this court published *SunEarth*, 839 F.3d at 1179, which abrogated *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677 (9th Cir. 2012), upon which the district court relied. *SunEarth* adopted the Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), which interpreted the fee-shifting provision in the Patent Act and noted it was identical to the one in the Lanham Act. *SunEarth*, 839 F.3d at 1181.

court rules. Ketab realleged claims that the court had dismissed with prejudice without seeking the court's permission and failed to comply with local meet and confer rules. We cannot say the district court erred in deeming this case "exceptional" and granting attorneys' fees under 15 U.S.C. § 1117(a).

Accordingly, we affirm the district court's grant of the Mesriani Defendants' motion for attorneys' fees against Ketab.

***

We now address Ketab's claims against the Melli Defendants.

1)      Ketab contends that the district court erred in granting the Melli Defendants' motion for judgment on the pleadings. Specifically, Ketab challenges the district court's order dismissing its breach of contract claim against the Melli Defendants based on the 1997 Settlement Order. [5] Again, Ketab fails to provide any legal authority or show how it sufficiently alleged that the 1997 Settlement Order was a binding contract between Ketab and the Melli Defendants. Ketab's

---

[5] Ketab also contends the district court erred in granting the Melli Defendants' motion without leave to amend. Ketab should have been on notice as to the defect in its contract claim when the court found the 1997 Settlement Order was not a contract in Ketab's earlier litigation with the Mesriani Defendants. Where Ketab had prior notice of the deficiencies in its claim, but did not amend its contract claim, the district court did not abuse its discretion in not allowing Ketab to amend its complaint at the later date. *See Johnson v. Hesperia Unified Sch. Dist.*, 15 F.3d 1086 (9th Cir. 1994) (unpublished) (reviewing for abuse of discretion the district court's denial of a request for leave to amend where the court granted a motion for the judgment on the pleadings).

14

"mere conclusory statements . . . do not suffice" to sufficiently state a breach of contract cause of action. *See Iqbal*, 556 U.S. at 678. The district court did not err in dismissing Ketab's contract claim against the Melli Defendants.

Ketab generally states that its remaining causes of action, which the district court dismissed on the Melli Defendants' motion for judgment on the pleadings, were sufficiently pled. Ketab makes only conclusory statements and provides no argument or record citation to support its position. We need not review an issue raised in such cursory fashion. *See La. Hydrolec*, 854 F.2d at 1548; Ninth Circuit Rule 28-1(b); Fed. R. App. P. 28(a).

Accordingly, we affirm the district court's grant of the Melli Defendants' motion for judgment on the pleadings.

2)     Ketab argues that the district court erred in granting the Melli Defendants' motions in limine. In particular, Ketab argues the district court erred in granting the Melli Defendants' third motion in limine to exclude any reference to the 1997 Settlement Order/Judgment at trial. "Ordinarily, rulings on motions in limine are reviewed for an abuse of discretion." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).

Here, there may no longer have been a *need* to rule on the motions in limine when the trial became a bench trial rather than a jury trial, but the district court did not abuse its discretion in doing so. *See United States v. Heller*, 551 F.3d 1108,

1111–12 (9th Cir. 2009) ("Because the judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous."). The district court found that the intent of the parties, such as would give the 1997 Settlement Order any preclusive effect regarding Ketab's claims, was not evident, and thus the Settlement Order was irrelevant. Because the district court had previously dismissed the breach of contract claim, it was not an abuse of discretion for it to find the 1997 Settlement Order was irrelevant to Ketab's remaining claims.

The court need not review Ketab's general claim, without specific argument, that the district court erred in granting the Melli Defendants' first, fourth, and sixth motions in limine. *See La. Hydrolec*, 854 F.2d at 1548; Ninth Circuit Rule 28-1(b); Fed. R. App. P. 28(a).

Accordingly, we affirm the district court's grant of the Melli Defendants' motions in limine.

3) Ketab argues that the district court erred in granting the Melli Defendants' motion for judgment as a matter of law and thus dismissing Ketab's four remaining claims for federal and state trademark and counterfeiting, unfair competition, and false designation of origin (claims 1, 4, 6 and 7). We review de novo a grant of judgment as a matter of law. *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017).

Here, the district court ruled on the Melli Defendants' motion after the close

16

of Ketab's case as a motion under Federal Rule of Civil Procedure 52(c) for judgment based on partial findings in a bench trial. "Rule 52(c) expressly authorizes the district judge to resolve disputed issues of fact." *Ritchie v. United States*, 451 F.3d 1019, 1023 (9th Cir. 2006). Under Rule 52, the judge's findings of fact "must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6).

We consider Ketab's federal and state trademark, counterfeiting, and unfair competition claims (claims 1, 4, 6, and 7). As discussed, these claims are considered under the same analysis. *Century 21 Real Estate Corp.*, 846 F.2d at 1178.

Ketab contends that the following alleged marks, "Yellow Page-e-Iranian," "Markaze Etelaate Iranian," and "Iranian Information Center," are protectable under trademark law. As established above, these alleged marks are not federally registered, are generic, and therefore not entitled to trademark protection. *See Filipino Yellow Pages, Inc.*, 198 F.3d at 1146. Accordingly, we affirm the district court's grant of the Melli Defendants' motion for judgment as a matter of law as to the alleged marks, "Yellow Page-e-Iranian," "Markaze Etelaate Iranian," and "Iranian Information Center."

Ketab's "08" mark is federally registered as a trademark and therefore, Ketab does not need to overcome the initial hurdle of showing the "08" mark is protectable. *See Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969–70 (9th Cir. 2007). During the bench trial, however, Ketab failed to present any evidence that the Melli Defendants used the "08" mark or a confusingly similar mark to promote the Melli Defendants' services. On appeal, Ketab points to no evidence that would undermine the district court's ruling, and Ketab does not clearly contest the district court's dismissal of its infringement claims based on the "08" mark. Therefore, to the extent Ketab challenges the dismissal of the "08" mark in the context of the Rule 52(c) motion, we affirm the district court's grant of the Melli Defendants' motion for judgment as a matter of law.

Ketab also argues that it was denied access to a fair trial. Ketab argues it was injured by the judge's bias as evidenced by the court's unfavorable evidentiary rulings, conclusions of law, and findings of fact. Ketab merely reiterates its arguments as to the substantive legal issues underlying those matters, and the district court's rulings do not demonstrate bias or prejudice to Ketab that deprived Ketab of a fair trial. In sum, Ketab's argument that the cumulative effect of the district court's numerous unfavorable rulings constitutes reversible error has no merit.

Finally, Ketab argues that the district court judge's impartiality might reasonably be questioned, and therefore, under 28 U.S.C. § 455(a), the judge should

18

have been recused. The judge's remarks to which Ketab points do not establish bias or partiality. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (explaining that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality). Moreover, recusal is not required if bias or prejudice arose from conduct or rulings made during the course of proceedings. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999)).

Accordingly, this court denies Ketab's claim that it was denied a fair trial.

4) Ketab contends that the district court erred in finding that this case was "exceptional" and warranted an award of attorneys' fees under 15 U.S.C. § 1117(a) of the Lanham Act. The district court applied the totality of the circumstances standard in considering whether the case was "exceptional." *See Octane*, 134 S. Ct. at 1756 n.6; *SunEarth, Inc.*, 839 F.3d at 1181. It was not an abuse of discretion for the district court to find that Ketab pursued groundless, frivolous, and unreasonable arguments, especially after the court saw Ketab was unable to produce evidence of infringement during the bench trial. Accordingly, we affirm the district court's finding that the case was "exceptional" and its award of attorneys' fees against Ketab.

5) Ketab argues that the district court erred in granting attorneys' fees for the Melli Defendants and assessing the fees against Ketab's counsel personally

pursuant to 28 U.S.C. § 1927.[6] "A district court's imposition of sanctions [under § 1927] is reviewed for abuse of discretion, and its findings of fact for clear error." *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1218 (9th Cir. 2010). "Recklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding." *Id*. at 1219 (citing *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107–08 (9th Cir. 2002) (reckless introduction of evidence was tantamount to bad faith and warranted sanctions); *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001) (attorney's reckless misstatements of law and fact, combined with an improper purpose, are sanctionable under the court's inherent power)).

Here, Ketab's counsel repeatedly raised claims based on legal theories that the court had previously dismissed. The district court found that Ketab continued to prosecute its trademark claims despite Ketab's failure to provide evidence to support the elements of its claims. Although the district court had previously dismissed Ketab's claims against the Mesriani Defendants, not the Melli Defendants, Ketab's claims relied on the same legal theories and factual basis— that the Mesriani Defendants directly infringed, and that the Melli Defendants

---

[6] "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 8 U.S.C. § 1927.

should be held indirectly liable. Accordingly, the district court did not abuse its discretion in finding bad faith. Moreover, despite a discovery period of over a year, Ketab did not provide any evidence at the bench trial that the Melli Defendants used the "08" mark, which further supports the district court's finding that Ketab's counsel acted frivolously. In sum, the district court did not abuse its discretion, and this court affirms the district court's sanctions ruling.

However, as to sanctions under 28 U.S.C. § 1927, it is unclear whether the entire attorneys' fee amount of $292,202 and costs of $1,080.71 should be assessed against Ketab's counsel personally. Section 1927 applies to "*excess* costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (emphasis added). Because of the extraordinary impact of such a large amount of fees assessed against counsel personally, we remand for the district court to clearly set forth what portion of the total $292,202 in fees and $1,080.71 in costs is "excess" and attributable to the attorney's unreasonable and vexatious conduct in accordance with 28 U.S.C. § 1927.

## CONCLUSION

We affirm the district court's dismissal of Ketab's claims against the Mesriani Defendants. We also affirm the dismissal of Ketab's claims against the Melli Defendants except for the award of attorneys' fees under 28 U.S.C. § 1927. We remand for the district court to find and delineate what portion of the total

attorneys' fees and costs are "excess" and assessable against Ketab's counsel personally, pursuant to 28 U.S.C. § 1927.

Each party shall bear their own costs.

**AFFIRMED in part and VACATED and REMANDED in part.**