**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNEARTH, INC., a California corporation; THE SOLARAY CORPORATION, a Hawaiian corporation, *Plaintiffs-Appellants*, v. SUN EARTH SOLAR POWER CO., LTD., FKA Ningbo Solar Electric Power Co., Ltd., a Chinese limited liability company; NBSOLAR USA INC., a California corporation, *Defendants-Appellees.* | Nos. 13-17622 15-16096 D.C. No. 4:11-cv-04991-CW OPINION |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted En Banc October 14, 2016[*]
San Francisco, California

Filed October 24, 2016

---

   [*] The en banc court unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Sidney R. Thomas, Chief Judge, and M. Margaret McKeown, Kim McLane Wardlaw, William A. Fletcher, Ronald M. Gould, Richard A. Paez, Richard R. Clifton, Jacqueline H. Nguyen, Paul J. Watford, John B. Owens, and Michelle T. Friedland, Circuit Judges.

Per Curiam Opinion

## SUMMARY[**]

### Lanham Act / Attorneys' Fees

The en banc court held that following *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), district courts analyzing a request for attorney fees under the Lanham Act should examine the totality of the circumstances to determine if the case was exceptional, exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), and using a preponderance of the evidence standard. Pursuant to *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744 (2014), the court of appeals' review of the district court's decision on fees awarded under the Lanham Act is for abuse of discretion.

The en banc court overruled precedent to the contrary and agreed with the majority of other circuits. The en banc court remanded the case to the three-judge panel for the resolution of remaining issues.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Clark E. Proffitt and Stephen B. Mosier, Hayes Soloway P.C., Tucson, Arizona, for Plaintiffs-Appellants.

James J. Foster, Hayes Messina Gilman & Hayes LLC, Boston, Massachusetts; Michael A. Albert and Eric J. Rutt, Wolf Greenfield & Sacks P.C., Boston, Massachusetts; for Defendants-Appellees.

## OPINION

PER CURIAM:

We voted to rehear this case *en banc* to reconsider our jurisprudence concerning fee awards in cases filed pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Historically, we have reviewed *de novo* a district court's finding as to whether a defendant's infringement was "exceptional" within the meaning of the Lanham Act's fee-shifting provision. *See, e.g.*, *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012). We have required that a plaintiff show that a defendant engaged in "malicious, fraudulent, deliberate or willful" infringement. *See, e.g.*, *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993), *superseded by statute on other grounds*, Trademark Amendments Act of 1999, Pub. L. No. 106-43, 113 Stat. 218.

We interpret the fee-shifting provisions in the Patent Act, 35 U.S.C. § 285, and the Lanham Act in tandem. *See Int'l Olympic Comm. v. S.F. Arts & Athletics*, 781 F.2d 733, 738–39 (9th Cir.), *as amended*, 789 F.2d 1319 (9th Cir. 1986), *aff'd*, 483 U.S. 522 (1987). The fee-shifting provisions in both acts are "parallel and identical." *Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 720 (4th Cir. 2015), *as amended* (Apr. 15, 2015). Thus, we rely on an interpretation of the fee-shifting provision in one Act to guide our interpretation of the parallel provision in the other. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (interpreting the Patent Act by relying in part on "the Lanham Act's identical fee-shifting provision").

The Supreme Court has recently clarified how courts should analyze fee requests under the Patent Act. The Supreme Court held that a district court analyzing a request for fees under the Patent Act should look to the "totality of the circumstances" to determine if the infringement was exceptional. *Octane Fitness*, 134 S. Ct. at 1756. The Supreme Court explained that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* The Court eschewed a "precise rule or formula for making these determinations" and instructed that "equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). Specifically, the Court cited a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular

circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6 (quoting *Fogerty*, 510 U.S. at 534 n.19). The Court further clarified that the applicable burden of proof for fee entitlement was the preponderance of the evidence standard and not proof by "clear and convincing evidence." *Id.* at 1758.

In a second decision issued the same day, the Supreme Court held that Courts of Appeal should review a district court's award of fees under the Patent Act for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748–49 (2014).

Following these decisions, the Third, Fourth, Fifth, and Sixth Circuits have recognized that *Octane Fitness* changed the standard for fee-shifting under the Lanham Act. *Baker v. DeShong*, 821 F.3d 620, 621–25 (5th Cir. 2016); *Georgia-Pacific Consumer Prods.*, 781 F.3d at 720–21; *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 317–18 (6th Cir. 2015); *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 313–15 (3d Cir. 2014). Only the Second and Seventh Circuits have applied earlier case law to Lanham Act fee disputes, and both did so without mentioning *Octane Fitness* or *Highmark*. *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 265–66 (2d Cir. 2014); *Burford v. Accounting Practice Sales, Inc.*, 786 F.3d 582, 588 (7th Cir. 2015).

We agree with the majority of our sister circuits and conclude that *Octane Fitness* and *Highmark* have altered the analysis of fee applications under the Lanham Act. Therefore, district courts analyzing a request for fees under the Lanham Act should examine the "totality of the circumstances" to determine if the case was exceptional, *Octane Fitness*, 134 S. Ct. at 1756, exercising equitable

discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty*, and using a preponderance of the evidence standard. Pursuant to *Highmark*, our review of the district court's decision on fees awarded under the Lanham Act is for abuse of discretion. 134 S. Ct. at 1748–49. We overrule our precedent to the contrary.

With this correction in the law, we return control of the case to the three-judge panel for resolution of the remaining issues presented by the case.

**REMANDED.**