**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOPHIA & CHLOE, INC., a California
corporation,

    Plaintiff-Appellee,

 v.

BRIGHTON COLLECTIBLES, LLC, a
California corporation,

    Defendant-Appellant.

No. 15-56867

D.C. No.
3:12-cv-02472-AJB-KSC

MEMORANDUM*

SOPHIA & CHLOE, INC., a California
corporation,

    Plaintiff-Appellant,

 v.

BRIGHTON COLLECTIBLES, LLC, a
California corporation,

    Defendant-Appellee.

No. 16-55681

D.C. No.
3:12-cv-02472-AJB-KSC

Appeal from the United States District Court
for the Southern District of California

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted October 2, 2017
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

1.      In an action for copyright infringement, the district court must determine whether to instruct the jury to apply the "substantially similar" standard or the more exacting "virtually identical" standard. *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913-14 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010).

> Given that others may freely copy a work's ideas (and other unprotectable elements), we start by determining the breadth of the possible expression of those ideas. If there's a wide range of expression (for example, there are gazillions of ways to make an aliens-attack movie), then copyright protection is "broad" and a work will infringe if it's "substantially similar" to the copyrighted work. If there's only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), then copyright protection is "thin" and a work must be "virtually identical" to infringe.

*Id.* (internal citations omitted). Thus, if there are only a few ways to express the idea contained in the Buddha's Kiss earring, then the appropriate standard is "virtually identical." Whereas if there are numerous ways to express the idea in the Buddha's Kiss earring, then the appropriate standard is "substantially similar."

---

[**]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

The Buddha's Kiss earring does not contain any individual protectable elements. However, "[o]riginal selection, coordination, and arrangement of unprotectible elements may be protectible expression." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012). The United States Copyright Office rejected Sophia & Chloe's initial copyright application, reasoning that the Buddha's Kiss design did not contain "sufficient creative authorship within the meaning of the copyright statute and settled case law." Sophia & Chloe submitted a request for reconsideration, arguing that the Buddha's Kiss was entitled to copyright protection, because it selected and arranged three common, unprotectable elements: (1) the henna symbol for the word kiss; (2) the image of the Buddha; and (3) the teardrop shape. Based on this argument, the Copyright Office granted Sophia & Chloe its copyright but noted that the Buddha's Kiss contained a "<u>sufficient</u>, **although minimal**, amount of original and creative sculptural authorship in the treatment and configuration of its elements." (emphasis in original). Thus, the Buddha's Kiss contains a single protectable idea: a teardrop-shaped earring incorporating the henna symbol for the word "kiss" and the shape of the Buddha.

Like the idea of painting "a red bouncy ball on blank canvas," there are a limited number of ways to design a teardrop-shaped earring incorporating the henna symbol for the word kiss and the shape of the Buddha. *See L.A. Printex*, 676 F.3d at 851. The dissent is correct that there are numerous ways to design an earring, but then misses the relevant question: whether there are many or few ways to design a teardrop-shaped earring incorporating the henna symbol for the word "kiss" and the shape of the Buddha. Because there are only a few ways to design an earring that incorporates those three elements, the district court erred in instructing the jury to apply the "substantially similar" standard.

Sophia & Chloe admitted at oral argument that it could not meet the "virtually identical" standard. Therefore, we reverse and remand for the district court to reconsider its denial of Brighton's request for attorney's fees under the Copyright Act.

2. After the district court considered Brighton's motion for attorney's fees under the Lanham Act, we overruled much of our precedent related to awarding attorney's fees under the Act. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016). Thus, we vacate the district court's order and remand so that the district court can make a decision based on the legal standard articulated in *SunEarth*.

4

The parties shall bear their own costs on appeal.

**REVERSED in part, VACATED in part, and REMANDED.**



***Sophia & Chloe, Inc. v. Brighton Collectibles, LLC***
**Case Nos. 15-56867 and 16-55681**
**Rawlinson, Circuit Judge, dissenting:**

There are an infinite number of ways earrings can be configured to capture a particular image. Otherwise, no woman would be motivated to own more than a few pair of earrings. But we know that is not the case. *See Women's Earrings*, Amazon.com, https://www.amazon.com/Womens-Earrings/b?ie=UTF8&node=7454917011 (last visited December 13, 2017) (offering 185,584 earring selections). I seriously disagree with my colleagues in the majority that there were only a limited number of ways to depict the Buddha's Kiss earrings at issue in this case.

At trial, evidence was presented through diagrams, expert testimony and actual pieces of both designs. After seeing this evidence, a jury determined that Brighton Collectibles had infringed on the copyrighted Buddha's Kiss design. The district court denied Brighton's renewed motion for judgment as a matter of law. The majority reversed the district court's ruling on the basis that, because there is only a limited number of ways to depict the Buddha's Kiss design, the court should have instructed the jury to find that the two designs were virtually identical rather than substantially similar. I disagree.

Indeed, the majority's conclusion is directly contrary to the testimony of the

1

designer.  She testified that "the minute [she] looked at the [Buddha's Kiss shape] [she] thought [she] could manipulate this shape *thousands* of different ways."  She explained that "[t]here are so many different things I could do with this [Buddha's Kiss shape]– big, small, multiple, three, ten, whatever."  She also explained that the bracket portion of the earring "can be all different shapes" and "have all sorts of dimensions."  The majority's conclusion that there is only a limited number of ways to depict the Buddha's Kiss design completely ignores this testimony and the reality of earring design.  The majority accuses me of ignoring the relevant question, but the majority ignores the relevant answer from the designer:  that the Buddha's Kiss shape could be manipulated "thousands of different ways."

We addressed a similar situation in *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012).  *L.A. Printex* involved a floral fabric print design.  *See id*. at 850.  Even though the floral pattern itself was not protectible, the "original selection, coordination, and arrangement" of the floral pattern was protectible.  *Id*.  The same is true for the Buddha's Kiss earrings.  As the designer testified, her "selection, coordination and arrangement" of the design elements was original and protectible.  *Id*.

I respectfully dissent.

2