MEMORANDUM ** 1. In an action for copyright infringement, the district court must determine whether to instruct the jury to apply the “substantially similar” standard or the more exacting “virtually identical” standard. Mattel, Inc. v. MGA Entm’t, Inc., 616 F.3d 904, 913-14 (9th Cir. 2010), as amended on denial of reh’g (Oct. 21, 2010). Given that others may freely copy a work’s ideas (and other unproteetable elements), we start by determining the breadth of the possible expression of those ideas. If there’s a wide range of expression (for example, there are gazillions of ways to make an aliens-attack movie), then copyright protection is “broad” and a work will infringe if it’s “substantially similar” to the copyrighted work. If there’s only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), then copyright protection is “thin” and a work must be “virtually identical” to infringe. Id. (internal citations omitted). Thus, if there are only a few ways to express the idea contained in the Buddha’s Kiss earring, then the appropriate standard is “virtually identical.” Whereas if there are numerous ways to express the idea in the Buddha’s Kiss earring, then the appropriate standard is “substantially similar.” The Buddha’s Kiss earring does not contain any individual protectable elements. However, “[o]riginal selection, coordination, and arrangement of unprotectible elements may be protectible expression.” L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 849 (9th Cir. 2012), as amended on denial of reh’g and reh’g en banc (June 13, 2012). The United States Copyright Office rejected Sophia & Chloe’s initial copyright application, reasoning that the Buddha’s Kiss design did not contain “sufficient creative authorship within the meaning of the copyright statute and settled case law.” Sophia & Chloe submitted a request for reconsideration, arguing that the Buddha’s Kiss was entitled to copyright protection, because it selected and arranged three common, unproteetable elements: (1) the henna symbol for the word kiss; (2) the image of the Buddha; and (3) the teardrop shape. Based on this argument, the Copyright Office granted Sophia & Chloe its copyright but noted that the Buddha’s Kiss contained a “sufficient, although minimal, amount of original and creative sculptural authorship in the treatment and configuration of its elements.” (emphasis in original). Thus, the Buddha’s Kiss contains a single protectable idea; a teardrop-shaped earring incorporating the henna symbol for the word “kiss” and the shape of the Buddha. Like the idea of painting “a red bouncy ball on blank canvas,” there are a limited number of ways to design a teardrop-shaped earring incorporating the henna symbol for the word kiss and the shape of the Buddha. See L.A. Printex, 676 F.3d at 851. The dissent is correct that there are numerous ways to design an earring, but then misses the relevant question: whether there are many or few ways to design a teardrop-shaped earring incorporating the henna symbol for the word “kiss” and the shape of the Buddha. Because there are only a few ways to design an earring that incorporates those three elements, the district court erred in instructing the jury to apply the “substantially similar” standard. Sophia & Chloe admitted at oral argument that it could not meet the “virtually identical” standard. Therefore, we reverse and remand for the district court to reconsider its denial of Brighton’s request for attorney’s fees under the Copyright Act. 2. After the district court considered Brighton’s motion for attorney’s fees under the Lanham Act, we overruled much of our precedent related to awarding attorney’s fees under the Act. SunEarth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179, 1181 (9th Cir. 2016). Thus, we vacate the district court’s order and remand so that the district court can make a decision based on the legal standard articulated in SunEarth. The parties shall bear their own costs on appeal. REVERSED in part, VACATED in part, and REMANDED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.