**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY,<br><br>    Plaintiff-counter-<br>    defendant-Appellee,<br><br>  v.<br><br>CALIFORNIA STATE GRANGE,<br><br>    Defendant-counter-claimant-<br>    Appellant. | No.   15-17179<br><br>D.C. No.<br>2:14-cv-00676-WBS-DAD<br><br><br>MEMORANDUM[*] |
| NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY,<br><br>    Plaintiff-counter-<br>    defendant-Appellant,<br><br>  v.<br><br>CALIFORNIA STATE GRANGE,<br><br>    Defendant-counter-claimant-<br>    Appellee. | No.   15-17274<br><br>D.C. No.<br>2:14-cv-00676-WBS-DAD |
| NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, | No.   16-16826 |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|                          | D.C. No.              |
|                          | 2:14-cv-00676-WBS-AC  |

Plaintiff-counter-
defendant-Appellee,

v.

CALIFORNIA STATE GRANGE,

Defendant-counter-claimant-
Appellant.

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted February 16, 2018
San Francisco, California

Before:  KLEINFELD and TALLMAN, Circuit Judges, and MURPHY,** District Judge.

The California State Grange, now the California Guild ("Guild"), appeals

the adverse summary judgment in a trademark infringement and unfair competition

action brought by the National Grange of the Order of Patrons of Husbandry

("National Grange").  The Guild also appeals the district court's award of

attorneys' fees to the National Grange.  The National Grange cross-appeals as to

the scope of the permanent injunction.  We have jurisdiction under 28 U.S.C.

§ 1291 and affirm.

---

**         The Honorable Stephen J. Murphy, III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

2

**1.** The district court did not abuse its discretion by rejecting the Guild's acquiescence defense. *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010). The National Grange revoked Defendant's charter in April 2013. The Guild then declared in November 2013 that it was disaffiliating from the national organization. The National Grange sent a cease and desist letter the following month—demanding that the Guild stop using its trademarks—but Defendant continued calling itself the "California State Grange." In March 2014, the National Grange filed this action.

Far from conveying implied consent, *id.* at 988, the National Grange moved quickly to attack the Guild's infringing conduct once it "knew of facts giving it notice of its trademark [infringement] cause of action," *Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply Inc.*, 106 F.3d 894, 899 (9th Cir. 1997) (citation omitted). The National Grange thus did not acquiesce in Defendant's infringing use of its marks.

**2.** The district court also acted within its discretion by declining to impose a broader permanent injunction. *See* 15 U.S.C. § 1116; *SEC v. Interlink Data Network of L.A., Inc.*, 77 F.3d 1201, 1204 (9th Cir. 1996). The district court enjoined the Guild from using the word "Grange"—including references to its past affiliation with the National Grange—but refused to bar Defendant from using the word "Granger" and the acronyms "CSG" and "CG." The court reasoned (1) the

complaint did not allege that "Granger" and acronyms like "CSG" are confusingly similar to the "Grange" mark, or even that Defendant had used those terms; and (2) summary judgment was limited to infringing use of the word "Grange." Declining to impose a permanent injunction that would have exceeded the scope of the complaint and summary judgment order was not an abuse of discretion.

3. Neither was awarding attorneys' fees to the National Grange an abuse of discretion. *See* 15 U.S.C. § 1117(a); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc). The district court held that the case was "exceptional" under the Lanham Act because Defendant had willfully violated the permanent injunction. *See* § 1117(a). Although the Guild had notice of the prohibited conduct in July 2015, Defendant was—as of April 2016—still calling itself the "California State Grange" in its business activities, corporate name, business directory listings, and email address on the California Secretary of State's website. The Guild had plenty of time to comply with the injunction, but chose not to do so. There was also evidence the Guild's infringing conduct had deceived numerous members of the National Grange.

*SunEarth* does not change our conclusion. Although that decision overruled the "malicious, fraudulent, deliberate, or willful" test while this case was on appeal, it imposed a less stringent "totality of the circumstances" standard. *SunEarth*, 839 F.3d at 1180–81 (citations omitted). *SunEarth* also lowered the

burden of proof from clear and convincing evidence to a preponderance of the

evidence. *Id.* at 1181. Because the National Grange carried its burden of showing

the Guild deliberately violated the injunction under the prior test, Plaintiff has also

satisfied *SunEarth*'s relaxed "totality of the circumstances" standard. *See id.*[1]

Each party shall bear its own costs on appeal.

**AFFIRMED.**

---

[1] The Guild failed to establish a genuine issue of material fact regarding the claim that the National Grange's mark was not protectable because it was merely descriptive and lacked secondary meaning. The only evidence that the Guild presented on this point was a dictionary entry indicating that "grange" means "a farm with its nearby buildings" and "Grange" means "a lodge or local branch of a farmers' association in the U.S," and another dictionary entry indicating that "GRANGE" means a "farm furnished with barns, granaries, stables, and all conveniences for husbandry."