NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANHING CORPORATION, a California corporation,

Plaintiff-Appellee,

v.

VIET PHU, INC., a California corporation,

Defendant-Appellant.

No.   17-55851

D.C. No.
2:13-cv-04348-BRO-JCG

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted October 11, 2018**
Pasadena, California

Before:  WATFORD and OWENS, Circuit Judges, and PRESNELL,*** District
Judge.

Viet Phu, Inc., appeals from the district court's order denying its renewed

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***       The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

motion for attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a). We review for abuse of discretion a district court's decision on attorneys' fees under the Lanham Act. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam). As the parties are familiar with the facts, we do not recount them here. We affirm.[1]

Under the Lanham Act, a court may award attorneys' fees if a case was "exceptional." 15 U.S.C. § 1117(a). A district court "should examine the 'totality of the circumstances' to determine if the case was exceptional, exercising equitable discretion in light of [identified] nonexclusive factors . . ., and using a preponderance of the evidence standard." *SunEarth*, 839 F.3d at 1181 (quoting *Octane Fitness, LLC v. ICON Health & Fitness*, 134 S. Ct. 1749, 1756 (2014)).

The district court thoroughly addressed Viet Phu's arguments and was well within its discretion in determining that the case was not so "exceptional" that it warranted an award of attorneys' fees. Contrary to Viet Phu's contention, the district court examined the "totality of the circumstances," as required by *SunEarth*.

The district court also did not abuse its discretion by denying Viet Phu's request for attorneys' fees spent defending the prior appeal. We transferred to the district court consideration of Viet's Phu's eligibility for appellate attorneys' fees

---

[1] We grant Viet Phu's Motion for Judicial Notice in Support of Opening Brief.

2

under the Lanham Act, not because the prior appeal was purportedly frivolous under Federal Rule of Appellate Procedure 38.

Accordingly, the district court did not abuse its discretion by denying Viet Phu's renewed motion for attorneys' fees.

**AFFIRMED**.