**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLEG POGREBNOY, | No. 17-56583 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-08532-PA-SS |
| v. | |
| RUSSIAN NEWSPAPER DISTRIBUTION, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 7, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Although Oleg Pogrebnoy prevailed on his trademark infringement claim on remand, he is before us once again. This time, Pogrebnoy challenges the district court's ten dollar nominal damages award, order striking his Motion to Admit

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Plaintiff's Trial and Additional Exhibits, factual findings, and determination that the court lacked jurisdiction over Pogrebnoy's claim for cancellation of a trademark registration. The parties are familiar with the facts, so we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

We review for abuse of discretion the district court's decision to award Pogrebnoy neither Russian Newspaper Distribution, Inc.'s ("RND") profits, nor damages beyond a nominal award of ten dollars. *See Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012). We cannot say "the record contains no evidence rationally supporting [the district court's] conclusion" that it would not be equitable to award RND's profits to Pogrebnoy. *See id.* The evidence supports the district court's conclusion both that there was little risk of consumer confusion, and that RND's infringement was not willful. *See Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 441 (9th Cir. 2017) ("[W]illfulness [is] a prerequisite for awarding a defendant's profits.").

Similarly, because the district court appropriately found that Pogrebnoy failed to show both the fact and the amount of his damages, the nominal damages award was not abuse of discretion. *See Quattrocchi*, 673 F.3d at 1112. The district court's finding that Pogrebnoy failed to prove the fact of his damages was not error, given the scant evidence he offered—aside from his own assertions—of any lost sales. The finding that Pogrebnoy failed to prove the amount of his damages

2

was also appropriate. Even taking into account RND's bank records, Pogrebnoy's calculation of RND's gross profits relied on mere speculation. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407–08 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016). We therefore need not address the admissibility of those records.

The district court did not abuse its discretion when it struck Pogrebnoy's Motion to Admit Plaintiff's Trial and Additional Exhibits for failing to comply with Local Rule 7-3. Local Rule 7-4 authorizes district courts to "decline to consider a motion" that does not comply with Local Rule 7-3. The order striking Pogrebnoy's motion was well within the district court's "considerable latitude in managing the parties' motion practice and enforcing local rules." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).

Nor were the factual findings Pogrebnoy challenges clearly erroneous. *See Kirola v. City & Cty. of San Francisco*, 860 F.3d 1164, 1174 (9th Cir. 2017) ("We review the district court's findings of fact following a bench trial for clear error."). The district court determined the relative credibility of Pogrebnoy and Vitaly Matusov based on observations of their testimony. Pogrebnoy has offered no reason to suggest the district court's credibility determinations, which are owed "even greater deference" than other factual findings, were "internally inconsistent." *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). In view of the

3

record, the finding that the New York iteration of Курьер ceased publication in 2011 was not clearly erroneous.

Finally, we need not decide whether the district court erred when it concluded it lacked jurisdiction over Pogrebnoy's claim for cancellation of the LAKurier.com mark's registration. Pogrebnoy could have raised this issue in his previous appeal but failed to do so, so he has waived the argument. *See United States v. Arreguin*, 735 F.3d 1168, 1178 (9th Cir. 2013); *see also generally* Opening Brief, *Pogrebnoy v. Russian Newspaper Distribution, Inc.*, No. 15-55127 (9th Cir. July 29, 2015); Reply Brief, *Pogrebnoy v. Russian Newspaper Distribution, Inc.*, No. 15-55127 (9th Cir. Nov. 5, 2015).

**AFFIRMED.**