**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation, <br><br> Plaintiff-counter-defendant-Appellee, <br><br> v. <br><br> DAN FARR PRODUCTIONS, a Utah limited liability company; et al., <br><br> Defendants-counter-claimants-Appellants. | No. 18-56221 <br><br> D.C. No. 3:14-cv-01865-AJB-JMA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted February 5, 2020
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Dan Farr Productions, Daniel Farr, and Bryan Brandenburg ("Defendants")

appeal the district court's orders granting summary judgment in favor of San Diego

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Comic Convention ("SDCC") on Defendants' "generic ab initio" argument; denying judgment to Defendants on their unclean hands defense; and granting SDCC's motion for attorney fees and costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part. Because the parties are familiar with the history of this case, we need not recount it here.

We review orders granting summary judgment de novo. *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000). We review a district court's refusal to apply the doctrine of unclean hands for abuse of discretion. *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1029 (9th Cir. 2018). A district court's decision on a motion for attorney fees under the Lanham Act is reviewed for abuse of discretion. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam).

I

The district court properly granted summary judgment. The district court concluded that the evidence tendered by the Defendants was insufficient to support their argument that the term "Comic-Con" was generic before SDCC's first use, and we find no error in that conclusion. *See Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 718 F.2d 327, 329–30 (9th Cir. 1983) (discussing standard for determining genericness), *rev'd on other grounds*, 469 U.S. 189 (1985). Thus,

because the record before the district court did not demonstrate a genuine issue of material fact, the district court properly granted summary judgment. We need not, and do not, reach the question of whether a "generic ab initio" theory of liability is cognizable. We affirm the grant of summary judgment.

II

The district court did not abuse its discretion in denying Defendants' motion for judgment on their unclean hands defense. "[O]nly a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish sufficient culpability for invocation of the doctrine of unclean hands." *Pinkette Clothing, Inc.*, 894 F.3d at 1029 (quoting *Pfizer, Inc. v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th Cir. 1982)). Defendants have not shown on appeal that the district court abused its discretion in finding no "wrongfulness, willfulness, bad faith, or gross negligence" on the part of SDCC in registering the marks at issue. *See id.* Thus, we must affirm the district court's denial of Defendants' motion for judgment on their unclean hands defense.

III

The district court did not abuse its discretion in awarding reasonable attorney fees, but we vacate the portion of the judgment awarding SDCC non-

taxable costs for expert witnesses, and we remand the case to the district court for further proceedings consistent with this disposition.

A

Defendants argue that the district court erred in awarding attorney fees to SDCC because this case is not "exceptional." Under the Lanham Act, a district court may award "reasonable attorney fees" in "exceptional cases." 15 U.S.C. § 1117(a). "[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional," using a preponderance of the evidence standard. *SunEarth*, 839 F.3d at 1181. District courts may exercise equitable discretion and consider nonexclusive factors including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014)).

Here, the district court applied the totality of the circumstances standard and considered factors that align with those set forth in *SunEarth* and *Octane Fitness*. The court focused on the "unreasonable manner" in which Defendants litigated the case, *see Octane Fitness*, 572 U.S. at 554, highlighting Defendants' failure to

4

comply with court rules, persistent desire to re-litigate issues already decided, advocacy that veered into "gamesmanship," and unreasonable responses to the litigation. The court emphasized the need to advance considerations of compensation and deterrence. We thus cannot say that the district court abused its discretion in deeming this case "exceptional" and granting attorney fees under 15 U.S.C. § 1117(a).

B

Defendants did not, and do not now, challenge the rates of SDCC's attorneys or the reasonableness of their timesheets;[1] instead, they argue that the district court was required, but failed, to articulate causal connections between the misconduct that rendered the case exceptional and the particulars of the fee award, which resulted in an excessive fee. But Defendants cite no Ninth Circuit or Lanham Act case law in support of this argument. In any case, the district court indicated that Defendants' exceptional conduct occurred at every stage of this litigation, including prior to filing, and that such conduct caused SDCC to expend unnecessary legal fees and the court to squander limited judicial resources

---

[1] The district court nonetheless independently assessed the reasonableness of SDCC's attorney fees through a lodestar analysis of the hours expended and the hourly rates charged, and made certain adjustments and deductions.

5

throughout the duration of the case. Therefore, it was not an abuse of discretion to award fees related to the entirety of the case.

C

Finally, Defendants argue that the district court erred in awarding non-taxable costs, specifically $212,323.56 for expert witnesses. We agree and vacate and remand the portion of the award for non-taxable costs.

Under the Lanham Act, successful plaintiffs are entitled to "the costs of the action" and, if the action is deemed "exceptional," "reasonable attorney fees." 15 U.S.C. § 1117(a). The Lanham Act does not, however, provide the "explicit statutory authority" required to award litigation expenses beyond the six categories of "costs" specified by Congress in the general costs statute, 28 U.S.C. §§ 1821, 1920. *See Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877–78 (2019) (holding that the Copyright Act's authorization to award "full costs" does not permit the award of expert fees); *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 292 (2006) ("[N]o statute will be construed as authorizing the taxation of witness fees as costs unless the statute 'refer[s] explicitly to witness fees.'"); *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 87 (1991) (holding that the term "reasonable attorney's fee" in 42 U.S.C. § 1988 does not provide the "explicit statutory authority" required to award expert witness fees beyond those

provided by §§ 1920 and 1821), *superseded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (explicitly providing that a court may award expert fees as part of the attorney's fee under § 1988); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987) (holding that expert witness fees are not available under Federal Rule of Civil Procedure 54(d) because "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary"). The Lanham Act thus conveys no authority to award costs or fees related to expert witnesses, beyond those provided by §§ 1821 and 1920.

We vacate the portion of the district court judgment awarding expert witness fees and remand for further proceedings consistent with this order.

IV

In sum, we affirm in part, vacate in part, and remand for further proceedings. We need not, and do not, reach any other issue urged by the parties. Each party shall bear its own costs.

**AFFIRMED in part, VACATED in part, REMANDED.**