NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THERMOLIFE INTERNATIONAL, LLC, an Arizona limited liability company,

Plaintiff-Appellant,

v.

AMERICAN FITNESS WHOLESALERS, L.L.C., DBA A1Supplements, a Tennessee corporation,

Defendant-Appellee.

No. 20-15163
20-15807

D.C. No. 2:18-cv-04189-JAT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted December 11, 2020**
San Francisco, California

Before: BOGGS,*** M. SMITH, and BENNETT, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellant ThermoLife International LLC (ThermoLife) appeals dismissal of its Lanham Act (15 U.S.C. § 1125), common-law unfair-competition, and false-patent-marking (35 U.S.C. § 292) claims against Appellee American Fitness Wholesalers LLC, d/b/a A1Supplements (A1). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016). We AFFIRM.[1]

ThermoLife alleges that A1 unfairly competed and violated the Lanham Act by advertising and selling allegedly illegal dietary supplements on A1's website. A1 also sells products that contain ThermoLife ingredients on its website, which ThermoLife refers to as "ThermoLife Component Products." ThermoLife claims that its overall sales dropped in 2016 as a result of A1's sale of illegal products.

However, ThermoLife offers only conclusory allegations and fails to plausibly connect its 2016 drop in sales of component ingredients to A1's alleged advertising and sale of allegedly illegal products. Therefore, the district court

---

[1] We deny Natural Products Association's motion for leave to file an *amicus* brief because it is untimely by almost three months and offers no explanation as to why the court should excuse the late filing. *See Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1062 n.1 (9th Cir. 1996) (denying motion to file *amicus* brief because the "motion was filed late and there was no attempt to show good cause for the late filing").

properly dismissed ThermoLife's Lanham Act claim because ThermoLife has not shown that its injury was proximately caused by any alleged Lanham Act violation. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132–34 (2014).

In addition, because ThermoLife's common-law unfair-competition and Lanham Act claims are substantially similar, ThermoLife's unfair-competition claim fails for the same reasons. *See Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994).

The district court also properly dismissed ThermoLife's false-marking claim because ThermoLife failed to plead facts to particularly or plausibly establish a competitive injury, a false marking, or an intent to deceive the public. Importantly, ThermoLife does not allege facts about the patent rights of APS Nutrition—the alleged manufacturer of the product at issue—nor does ThermoLife sufficiently allege knowledge by A1 of APS Nutrition's patent rights. Instead, ThermoLife alleges that A1 lacks purported patent rights to APS Nutrition's product, which fails to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *See Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011).

Finally, the district court did not abuse its discretion by concluding this was an "exceptional case" that authorized awarding A1 its attorney's fees relating to its

second successful motion to dismiss. Despite specific instructions from the district court when it dismissed the first complaint, ThermoLife failed to cure the deficiencies in its proximate-cause allegations to plausibly connect its alleged drop in overall sales to A1's advertising and sale of allegedly illegal dietary supplements. Instead, ThermoLife's conclusory allegations that its sales dropped in 2016, and that the drop must be attributed to A1's advertising and sale of allegedly illegal dietary supplements, ignore the obvious alternative explanations identified by the district court such as other *legal* dietary supplements cutting into ThermoLife's profits or an industry-wide drop in dietary-supplement sales. By failing to correct the deficiencies identified by the district court, ThermoLife proceeded unreasonably in the litigation by filing its Amended Complaint, and as the district court concluded, had no reasonable or legal basis to believe in success on the merits of its claims. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam).

**AFFIRMED.**