NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| H.I.S.C, INC.; DEPALMA ENTERPRISES, INC., <br><br>      Plaintiffs-counter-defendants-Appellants, <br><br> v. <br><br> MARIA RAJANAYAGAM, <br><br>           Defendant-Appellee, <br><br> FRANMAR INTERNATIONAL IMPORTERS, LTD., <br><br>      Defendant-counter-claimant-Appellee. | No.    20-56240 <br><br> D.C. No. 3:16-cv-00480-BEN-WVG <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 19, 2021
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and BOUGH,** District
Judge.

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*     The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

H.I.S.C., Inc. and DePalma Enterprises, Inc. ("Appellants") appeal a district court order granting attorneys' fees to Franmar International, Ltd. and Maria Rajanayagam ("Appellees"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. While "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case," *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990), the district court correctly determined that our conclusion in the first appeal that this case was not exceptional for purposes an award of attorneys' fees and costs on appeal was not the law of the case as to whether the case was exceptional for purposes of assessing attorneys' fees and costs for the five-year span of litigation before it. *See SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016).

2. The district court's determination that this was an exceptional case under 15 U.S.C. § 1117(a) was not an abuse of discretion. After examining the "'totality of the circumstances' to determine if the case was exceptional," *id.* at 1181 (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)), the district court determined that this was "an 'exceptional' case . . . that stands out from others with respect to the substantive strength of [the] party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane*

2

*Fitness*, 572 U.S. at 554.

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion . . . ." *Id*. at 545. The district court found Appellants' conduct in this case to be "severe" and demonstrative of "an unreasonable litigating position." Because there is a "reasonable basis" for the district court's ruling and it "has [not] applied the wrong test or standard in reaching its result," *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014) (citation omitted), we **AFFIRM**.