**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WBS, INC., Plaintiff-Appellant, v. JUAN CARLOS CROUCIER; et al., Defendants-Appellees. | No.  17-55973 D.C. No. 2:15-cv-07251-DDP-JC MEMORANDUM[*] |
| WBS, INC., Plaintiff-Appellee, v. JUAN CARLOS CROUCIER and CROUCIER PRODUCTIONS, INC., a California corporation, Defendants-Appellants, and ROB HOFFMAN; et al., Defendants. | No.  17-56009 D.C. No. 2:15-cv-07251-DDP-JC |

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 6, 2019
Pasadena, California

Before: GOULD and NGUYEN, Circuit Judges, and MARBLEY,[**] District Judge.

This suit concerns a trademark dispute between original members of the 1980s heavy-metal band RATT. Plaintiff-Appellant and Cross-Appellee WBS, Inc. asserted claims against Defendant-Appellees and Cross-Appellants Juan Croucier and Croucier Productions, Inc. ("Croucier") for trademark infringement and dilution, unfair competition, and interference with economic relations.[1] The district court granted summary judgment for Croucier and against WBS on each of those claims. Croucier then requested attorneys' fees. The district court denied that request. WBS and Croucier appealed. We affirm the district court on all issues but one. We vacate the district court's order concerning attorneys' fees and remand for further consideration.

---

[**] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

[1] WBS also asserted claims for tortious interference and conversion against RATT's former manager, Rob Hoffman, and related entities. The district court granted summary judgment for Hoffman and against WBS on those claims. Because WBS does not challenge any of the district court's rulings with respect to Hoffman on appeal, any challenges are waived. *See, e.g.*, *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

1.	WBS contends that the district court erred by permitting Croucier to amend his answer to assert a counterclaim for declaratory relief.  The district court did not abuse its discretion.  Croucier requested declaratory relief on issues that were already being litigated.  WBS has not shown that the amendment was prejudicial, sought in bad faith, delayed the litigation, or was futile.  *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006), *as amended* (Apr. 24, 2006 & Oct. 6, 2006).

2.	WBS next contends that the district court erred by denying WBS's motion to dismiss Croucier's counterclaim for lack of standing and as untimely.  The district court did not err.

As to standing, a party may seek a declaratory judgment concerning trademark ownership or noninfringement if the party "has a real and reasonable apprehension that he will be subject to liability . . . ."  *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982) (alteration in the original) (quoting *Societe de Conditionnement v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir. 1981)).  Because WBS sued Croucier for infringement, this standard was satisfied.  And Croucier sought declarations that he, personally, owned the RATT trademarks and that he, personally, did not infringe.  WBS points out that "Croucier's own allegations were that his ownership interest is in the RATT Partnership, not the marks," but WBS ignores Croucier's further allegation that, as

3

a partner, Croucier "owned an equal 20% share . . . in the RATT trademarks." In other words, Croucier alleged that he owned a share of the RATT trademarks because he was a partner in the partnership. Croucier sought a declaration of that right. He is the real party in interest, despite WBS's contrary contention.

As to timeliness, Croucier filed his counterclaim in June 2016. The parties do not dispute that a four-year statute of limitations applies. Croucier's claim was untimely only if the statute of limitations began to run before June 2012. Accepting the allegations in Croucier's counterclaim as true, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007), no allegations demonstrate that Croucier was aware of his cause of action before June 2012. The statute of limitations did not begin to run before June 2012 and Croucier's claim was timely. WBS cites facts outside the four corners of Croucier's complaint, but we do not consider those facts at the motion-to-dismiss stage. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

3.     WBS contends that the district court erred by granting summary judgment to Croucier on the ground that WBS does not own the RATT trademarks. The district court did not err. WBS admits in this litigation that Warren DeMartini was a partner in the RATT partnership in 1997, when Croucier was purportedly expelled. The partnership agreement requires all current partners to unanimously consent to expel a partner. WBS has not put forth any evidence that DeMartini voted to expel

4

Croucier. The district court therefore correctly held that "no reasonable factfinder could conclude that Croucier was ever expelled from the Partnership." And because Croucier was not expelled from the partnership, his vote was required to transfer rights in the RATT trademarks. Because Croucier did not vote to transfer the RATT trademarks to WBS, that assignment was invalid. WBS has no rights in the RATT trademarks; summary judgment to Croucier was proper.

4.      Alternatively, WBS contends that issue preclusion or the *Rooker-Feldman* doctrine bar Croucier from litigating ownership of the RATT trademarks. WBS contends that, for that reason, the district court erred in granting summary judgment to Croucier. However, WBS did not present these arguments or the necessary state-court documents to the district court at the summary-judgment stage, so they cannot provide a basis for WBS to claim error. *See Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992) ("Our review is limited to the record presented to the district court at the time of summary judgment."). Nonetheless, WBS raised these arguments on its motion for reconsideration. We construe WBS's briefing as challenging the district court's denial of WBS's motion for reconsideration and proceed to the merits.

Issue preclusion does not apply here. Under California law,[2] "issue

---

[2] We apply California law because the judgment to be given preclusive effect is a California state-court judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 375 (1996).

preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015). Croucier was not a party to the state-court litigation alleged to have preclusive effect; his purported partner, Stephen Pearcy, was. Partnership alone is insufficient to establish privity, under California law, for purposes of preclusion. *See id.* And WBS offers no other reason why Croucier should be bound.

The *Rooker-Feldman* doctrine is similarly inapplicable. It "does not bar actions by nonparties to the earlier state-court judgment . . . ." *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

5.     Finally, WBS contends that the district court erred by denying WBS's motion to modify the scheduling order to permit WBS to file a second summary-judgment motion. WBS has not shown "good cause" to modify the scheduling order. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). WBS contends that it had good cause because the district court, in a related case, gave some weight to a declaration from Stephen Pearcy "that he had never left the RATT Partnership." WBS asserts that this shows that Croucier and Pearcy were partners in the partnership in 2002, and thus in privity for purposes of issue preclusion, and that Croucier knew that the ownership of the RATT trademarks

6

was being contested in 2002, which would allegedly trigger the statute of limitations on Croucier's counterclaim. This "new evidence" is immaterial. As discussed, even if Croucier and Pearcy were partners at the time of the state-court judgment, that does not establish privity for purposes of issue preclusion under California law. And Pearcy's declaration does not show that Croucier knew that the ownership of the RATT trademarks was in dispute in 2002.

6. Turning to Croucier's challenges, Croucier first contends that the district court erred by not entering the declaratory relief he requested. Whether to enter a declaratory judgment is a decision within the district court's sound discretion. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288–89 (1995). Here, the district court did not abuse its discretion. Croucier submitted a proposed judgment to the court seeking the following declaration: "WBS, Inc. ('WBS'), does not own the RATT trademarks . . . as those trademarks were never properly assigned to it from the RATT Partnership and thus remain the property of the RATT Partnership pursuant to the written 1985 RATT Partnership Agreement." The district court's summary-judgment decision held that WBS does not own the RATT trademarks. And at oral argument, counsel for WBS conceded that if WBS does not own the RATT trademarks, the RATT partnership does. The issues on which Croucier sought a declaration have been adjudicated in Croucier's favor. Accordingly, we see no reason to vacate the judgment of the district court and remand for reconsideration.

7.      Croucier also contends that the district court erred by denying his request for attorneys' fees. We review a district court's decision on whether to award attorneys' fees for an abuse of discretion. *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam). Where, as here, a district court does not explain its decision, we may set that decision aside "if the record does not support the district court's decision." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815 (9th Cir. 2003). We do so here. In light of the objectively unreasonable arguments WBS has advanced, its vexatious approach to this litigation, and WBS's repeated failures to follow procedural rules, an award of attorneys' fees to Croucier may be appropriate. We vacate the district court's decision denying Croucier's motion for attorneys' fees and remand to the district court for further consideration. *Id.* In awarding or denying attorneys' fees, the district court should explain its reasoning in a manner sufficient for review.

Croucier is entitled to costs on appeal.

**AFFIRMED IN PART**, and **VACATED AND REMANDED IN PART**.