**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 3 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAZERAC COMPANY, INC., a Louisiana Corporation; SAZERAC BRANDS, LLC, a Delaware Limited Liability Company, | Nos. 17-16916 17-17511 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-04618-WHO |
| v. | MEMORANDUM[*] |
| FETZER VINEYARDS, INC., a California Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted September 10, 2019
San Francisco, California

Before: WALLACE, BEA, and FRIEDLAND, Circuit Judges.

Sazerac Company, Inc. and Sazerac Brands, LLC (collectively, "Sazerac")

sued Fetzer Vineyards, Inc. ("Fetzer"), alleging that Fetzer's 1000 Stories wine

infringes the trademark and trade dress of Sazerac's Buffalo Trace bourbon.

Although the district court largely denied Fetzer's motion for summary judgment,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

it precluded Sazerac from introducing evidence at trial of monetary damages, which Sazerac had proposed to prove through calculation of hypothetical reasonable royalty payments. The district court then conducted a bench trial on liability and injunctive relief, after which it ruled in Fetzer's favor on all remaining claims. After judgment was entered, the district court granted Fetzer's motion for attorney's fees under 15 U.S.C. § 1117, but limited the award to the fees incurred after summary judgment.

Sazerac appeals from the district court's judgment, including from the district court's summary judgment on Sazerac's damages claims and the judgment in Fetzer's favor on Sazerac's remaining claims after the bench trial, as well as from the district court's attorney's fees order. We affirm.

1. We review discovery rulings, including the imposition of discovery sanctions, for abuse of discretion. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012). Federal Rule of Civil Procedure 26(a) includes requirements regarding disclosures for damages computations, and Federal Rule of Civil Procedure 26(e) includes requirements regarding supplementing disclosures when a prior disclosure is incomplete or incorrect. Federal Rule of Civil Procedure 37(c) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed [under these rules] that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106

2

(9th Cir. 2001).

Here, the district court held that Sazerac had violated its obligations under Rule 26(a) by failing to disclose adequately its method of calculating damages or to identify the documents on which it planned to rely. The district court held that if Sazerac "planned to prove damages by some other means, it should have supplemented its disclosures" under Federal Rule of Civil Procedure 26(e). The district court concluded that Fetzer would be prejudiced were Sazerac permitted to seek damages in a manner not previously disclosed, and on this basis precluded Sazerac from seeking damages.

The crux of Sazerac's argument on appeal is that the district court failed to make findings that Sazerac contends were required before such a sanction could be imposed. But Sazerac never argued in the district court that such findings were a prerequisite to precluding it from recovering damages, despite having had the opportunity to do so. "Generally, we do not 'entertain[] arguments on appeal that were not presented or developed before the district court.'" *Tibble v. Edison Int'l*, 843 F.3d 1187, 1193 (9th Cir. 2016) (en banc) (alteration in original) (quoting *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013)). In this case, our review is not "necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process," nor is the issue Sazerac now presents "purely one of law" that does not require further factual development, so we decline to exercise

3

our discretion to reach this forfeited issue. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (quoting *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985)).

2. Following a bench trial, "[w]e accept the district court's findings of fact unless they are clearly erroneous," *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 874 n.2 (9th Cir. 2014), and "review the district court's conclusions of law de novo," *F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878, 883 (9th Cir. 2014). Likelihood of confusion is among the elements that a plaintiff must prove to establish either a trademark or trade dress claim. *See Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 823 (9th Cir. 1993). It is assessed by applying the eight *Sleekcraft* factors: (1) the strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1106 (9th Cir. 2016) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979)). A district court's likelihood of confusion analysis—including both its application of the *Sleekcraft* factors to the facts of the case and its overall conclusion as to likelihood of confusion—is treated as a factual finding and is therefore reviewed for clear

4

error. *See La Quinta Worldwide LLC*, 762 F.3d at 874 n.2.

The district court's likelihood of confusion analysis was not clearly erroneous. The district court properly recognized that Sazerac and Fetzer have overlapping marketing channels and that Buffalo Trace is a conceptually strong mark, but found that these considerations were outweighed by the lack of similarity between the parties' marks, the lack of commercial strength of Buffalo Trace, Sazerac's failure to show that Fetzer's mark was adopted with the intent to infringe, the absence of evidence of actual confusion or likelihood of expansion, and the degree of care likely to be exercised by purchasers. Sazerac's scattershot challenges to the district court's findings regarding all eight *Sleekcraft* factors are unpersuasive. Moreover, any possible errors were too inconsequential to change the overall outcome that the factors, taken as a whole, weigh strongly against a finding that consumers are likely to be confused. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1162 (9th Cir. 2009) (stating that this court "ha[s] long cautioned that applying the *Sleekcraft* test is not like counting beans.").

Sazerac argues that the district court erred by resolving the trademark claim without also stating that it was relying on the *Sleekcraft* factors, as the court had done for the trade dress claim. But even if the district court were required to conduct an independent likelihood of consumer confusion analysis for the trademark infringement claims, any error was harmless because its likelihood of

consumer confusion analysis for Sazerac's trade dress claim materially captured the analysis for trademark infringement. For example, with respect to strength, the district court found the "Buffalo Trace marks" to be conceptually strong. But it also found their commercial strength "questionable" because Sazerac had "offered little evidence demonstrating that its Buffalo Trace trade dress *or marks* have actual marketplace recognition." More generally, assessment of Sazerac's trademarks "in their entirety and as they appear in the marketplace," *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1206 (9th Cir. 2000), turns on the same inquiry as Sazerac's trade dress claim. *See Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 616 (9th Cir. 1989) ("Apart from the fact that the focus of the trademark claim is the registered mark alone, the analysis of this claim tracks closely the trade dress analysis.").

Because we affirm the district court's findings regarding likelihood of confusion, we need not address Sazerac's position that its trade dress was inherently distinctive and, even if not, had acquired secondary meaning.[1]

---

[1] The district court also concluded that, even if Sazerac had prevailed on the merits of its infringement claims, it would not be entitled to injunctive relief because it had offered no evidence of irreparable harm. We review that finding indirectly below, in connection with our review of the fee award. Although a failure to show irreparable harm could present an independent alternative basis for affirming the result following the bench trial, we need not reach that issue to affirm the post-bench trial judgment because we affirm based on our review of the merits of Sazerac's trademark and trade dress claims.

6

3. "[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional, exercising equitable discretion in light of the nonexclusive factors identified" by the Supreme Court "and using a preponderance of the evidence standard." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). Those nonexclusive factors are "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 572 U.S. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). A district court's fee award is reviewed for abuse of discretion. *See SunEarth*, 839 F.3d at 1181.

The district court did not abuse its discretion by awarding Fetzer the fees it incurred following summary judgment. The court found both that the case had "exceptionally low merit" and that it was objectively unreasonable for Sazerac to proceed to a trial where only injunctive relief would be available "without evidence of irreparable harm." Sazerac's focus on the latter finding overlooks that the district court properly considered the totality of the circumstances. As to irreparable harm, we are mindful that Fetzer did not challenge the adequacy of Sazerac's evidence of irreparable harm through any pretrial motion. But the

7

complete dearth of independent evidence of harm adequately supports the district court's conclusion that Sazerac's manner of litigation, including its decision to proceed to a trial in which it would seek only injunctive relief without such evidence, was objectively unreasonable.[2]  And the district court was correct that irreparable harm cannot be presumed.  *See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) ("[A]ctual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action.").  The combination of Sazerac's failure to offer evidence of irreparable harm and the weakness of the case on the merits persuades us that the district court did not abuse its discretion by deeming this case exceptional.

**AFFIRMED.**

---

[2] Sazerac's decision to proceed to trial on injunctive relief may be somewhat more reasonable than the district court thought because, absent litigation to final judgment, Sazerac might have been unable to appeal the discovery sanction precluding it from recovering money damages.  We need not decide whether the possibility of reinstating damages following an appeal presented a reasonable basis for proceeding to trial without evidence of irreparable harm, however, because Sazerac did not raise this argument either in the district court or on appeal.  *See Tibble*, 843 F.3d at 1193; *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").